# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9188 | **DATE** | 12/12/2002 |
| **CASE TITLE** | Blalock vs. Bethesda Lutheran Homes and Service | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Bethesda's motion to dismiss is granted [#23], Blalock's objection to Bethesda's reply brief and request for sanctions is denied [#29] and Bethesda's motion for sanctions is denied [#32]. Plaintiff is given until January 10, 2003, to file a second amended complaint stating a claim under 42 U.S.C. § 1981.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 16 2002 date docketed | 35 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/12/2002 date mailed notice | |
| MD | courtroom deputy's initials | 02 DEC 13 PM 5:21 | MD mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETED
DEC 1 6 2002

| | |
|---|---|
| WILMA BLALOCK, | ) |
| Plaintiff, | ) |
| vs. | ) No. 01 C 9188 |
| | ) Judge Joan H. Lefkow |
| BETHESDA LUTHERAN HOMES AND SERVICES, INC, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

In this action brought by plaintiff, Wilma Blalock ("Blalock"), alleging discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, defendant, Bethesda Lutheran Homes and Services ("Bethesda"), has moved under Rule 12(b)(6), Fed. R. Civ. P., to dismiss Blalock's First Amended Complaint. Blalock has also objected to Bethesda's filing of a reply brief in this case and has requested sanctions, to which Bethesda responded, and further filed its own motion for sanctions under Rule 11(c), Fed. R. Civ. P. For the reasons set forth below, the court grants Bethesda's motion to dismiss, denies Blalock's objection and request for sanctions, and denies Bethesda's motion for sanctions.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no facts in

35

support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy v. Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999).

## BACKGROUND

On February 16, 2001, Blalock filed a charge of race discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging,[1]

> I was hired by . . . [Bethesda] on January 23, 2000, as an Activity Specialist. In December 2000, I learned that I was scheduled to work an overnight shift and return to work the next day. On or about December 5, 2000, I notified my supervisor that I had a disability and requested an accommodation. On December 19, 2000, I made my request in writing and submitted it with my doctor's note. My schedule[] was changed to a double shift on December 25, 2000. None of the non-black employees had to work a double shift during the relevant time period. In addition, I had to work the next day. On December 21, 2000, I was given a written warning. On January 10, 2001, I was discharged. I was discharged for activities and scheduling that I was not involved with. The non-Black employees who scheduled their activities or were responsible for carrying out the activities were never disciplined or discharged.
>
> I believe that I was discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Am. Compl. Ex. A.) The EEOC issued a Dismissal and Notice of Right to Sue on March 30, 2001. (Am. Compl. Ex. B.)

On August 22, 2001, Blalock filed a second charge of discrimination with the EEOC, this time alleging disability discrimination. This second charge alleged,

---

[1] The court may consider the EEOC charges on this motion to dismiss because they are attached to Blalock's First Amended Complaint. *See Wright v. Assoc. Ins. Co.*, 29 F.3d 1244, 1248 (7th Cir. 1994), citing *Venture Assoc. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993).

2

> I was hired by [Bethesda] in January 2000 as an Activity Specialist. In about September 2000 I informed [Bethesda] that I was diagnosed with a disability. On December 14, 2000 I was given a written reprimand. On December 19, 2000 I provided a note from my physician requesting an accommodation for my disability. I was again given an unwarranted discipline on December 21, 2000. I was terminated on January 10, 2001.
>
> I believe that I have been discriminated against by [Bethesda] because of my disability, in violation of Title I of the Americans with Disabilities Act of 1990.

(Am. Compl. Ex. C.) The EEOC issued a Dismissal and Notice of Right to Sue on August 29, 2001. (Am. Compl Ex. D.)

On November 30, 2001, Blalock filed her original Complaint alleging she was subjected to discriminatory treatment and deprived of reasonable accommodation because of her alleged disability (sleep apnea). On May 7, 2002, Blalock filed her First Amended Complaint, alleging these claims and also a cause of action for violation of her procedural due process rights

## DISCUSSION

Blalock alleges in her First Amended Complaint that she informed her supervisor she could not work an overnight shift because of her alleged disability of sleep apnea. (Am. Compl. ¶ 11.) Blalock then claims that she received disciplinary warnings on December 14 and 21, 2000, and that she was subsequently discharged on January 10, 2001, in violation of the ADA and her procedural due process rights. (Am. Compl. ¶¶ 12, 15, 17.) Bethesda argues that Blalock's First Amended Complaint should be dismissed because Blalock did not bring suit within 90 days of receipt of a Notice of Right to Sue and because Blalock fails to state a claim for violation of procedural due process. Blalock also objects to Bethesda's filing of a reply brief, to which Bethesda has filed a Rule 11(c) motion for sanctions. These arguments will be addressed individually in turn.

3

A.  **Right to Sue**

The ADA follows the same procedures for the filing of a complaint as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq.*; thus, to bring an action in federal court, a timely charge must be filed with the EEOC and the plaintiff must receive notice of her right to sue. *E.g., Martini v. A. Finkl & Sons Co.*, No. 96 C 0756, 1996 WL 667816, at *5 (N.D. Ill. Nov. 15, 1996) (Coar, J.). Following the receipt of a Notice of Right to Sue from the EEOC, a plaintiff must file a complaint within 90 days. 42 U.S.C. § 12117(a); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849-50 (7th Cir. 2001).

The issue is whether Blalock's claim is time-barred because she did not sue within 90 days of her first Notice of Right to Sue or, on the other hand, whether her second right to sue can fulfill this condition precedent to her suit. Bethesda argues that both of Blalock's EEOC charges are based on the same set of facts and, therefore, Blalock's failure to sue within 90 days of March 30, 2001, bars her claim. Blalock responds that the second charge was actually a modification of the first charge, as Blalock claims that an intake worker improperly designated "Race" instead of "Disability" in the cause of discrimination box in her first charge.

"To allow a plaintiff to re-allege an earlier EEOC charge in a subsequent EEOC charge would render the 90-day time limit for filing lawsuits 'meaningless,' because it would allow the plaintiff to 'evade [the filing requirement] simply by seeking additional Notices of Right to Sue whenever he pleased.'" *Vitello v. Liturgy Traning Publ'ns*, 932 F. Supp. 1093, 1098 (N.D. Ill. 1996), quoting *Soso Liang Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827, 828 (2d Cir. 1986). Thus, Blalock must demonstrate that her second EEOC charge is not a mere re-allegation of the first EEOC charge, *i.e.*, not reasonably related or similar enough to be within the scope of the

4

first charge. *See Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985) ("[T]he requirement that the scope of the EEOC charge limit the scope of the subsequent complaint is in the nature of a condition precedent . . . . All claims of discrimination are cognizable that are like or reasonably related to the allegations of the charge and growing out of such allegations.'") (internal citations and quotation marks omitted).

In *Martini*, Judge Coar persuasively analyzed a situation in which a plaintiff filed a subsequent EEOC charge after a previous EEOC charge was already time-barred. The plaintiff's first charge of discrimination alleged that his September 20, 1994 discharge and his reinstatement on February 6, 1995 prior to a medical release from a physician both violated the ADA. *Id.* at *5. The plaintiff received a Right to Sue letter for these claims, but did not file suit within 90 days. Instead, after the 90-day period expired, Martini filed a subsequent EEOC charge based, in part, on the same facts as the first charge. *Id.* at *6. The second charge complained of the September 20 discharge and February 6 reinstatement, but also complained of a February 7, 1995 termination, the employer's interference with Martini's therapy, Martini's March 23, 1995 reinstatement without accommodation and a claim of retaliation. *Id.*

The court recognized that it was precluded from adjudicating those portions of Martini's complaint that dealt with the September 20 discharge and the February 6 reinstatement, as those facts were expressly brought in the first charge. *Id.* In dealing with the defendant's argument that all of the facts should be barred because all were within the same "scope of facts," Judge Coar analogized to a situation where a complaint was brought alleging facts not specifically mentioned, but reasonably related, to facts in a charge of discrimination. *Id.* In such situations, courts allow claims to be brought in a complaint even though not mentioned in a charge of

5

discrimination when the facts are "like or reasonably related" to the charges as alleged in the charge of discrimination. *Id.*, citing *McKenzie* v. *Illinois Dep't of Transp.*, 92 F.3d 473, 481-83 (7th Cir. 1996). *See Cheek* v. *Western and S. Life Ins. Co.*, 31 F.3d 497, 500-03 (7th Cir. 1994) ("When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to [the theory of discrimination in the EEOC charge] unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge."). The court in *Martini* applied these principles and concluded that, while under a broad reading of "like or reasonably related to" the charges would be similar, it was better to construe the EEOC charge liberally and allow for the adjudication of claims in the second charge *to the extent they were not specifically alleged in the first charge. Id.* at *7.

Unlike *Martini*, here, comparison of the two EEOC charges shows that they are, if not based on identical facts, at least sufficiently like or reasonably related to time-bar Blalock's First Amended Complaint. In the first EEOC charge Blalock states, "I notified my supervisor that I had a disability and requested an accommodation." The first EEOC charge further alleges that a written warning was given on December 21, 2000, and Blalock was subsequently terminated on January 10, 2001. The second EEOC charge also alleges that Blalock was diagnosed with a disability, requested an accommodation, was given unwarranted discipline on December 21, and was terminated on January 10. Although Blalock ultimately characterized her first charge as race discrimination and her second as disability discrimination, even she argues that the initial EEOC charge was merely "mislabeled" as race—only by an EEOC employee, not that she did not contemplate disability discrimination when she filed her first charge. And there is little doubt

that had Blalock filed a complaint within 90 days of her first right to sue and had Bethesda moved to dismiss a complaint for disability discrimination, a court would have treated the complaint as "like or reasonably related to" the allegations of disability discrimination in the first charge. *See, e.g., Lee v. Indiana Dept. of Corr.*, No. TH 02-118-C-M/h, 2002 WL 31455124, at *5 (S.D. Ind. Oct. 30, 2002) ("Although [plaintiff] failed to check the retaliation box, this language clearly put [defendant] on notice that [plaintiff] was asserting a retaliation claim, and allows her to make a retaliation claim in court. In the context of Title VII, no one, not even the unschooled, should be boxed out.") (internal quotation marks omitted).

Moreover, Blalock's argument that this was a mere "modification" of an incorrect EEOC charge is further hindered by the fact that this modification did not take place until well past the 90-day period to bring suit under the first EEOC charge. Because Blalock did not modify the initial EEOC charge until well after it was time-barred suggests that this was nothing more than an attempt to circumvent the time-limit. As such, plaintiffs First Amended Complaint is dismissed as time-barred.[2]

---

[2]Bethesda points out in its reply brief that Blalock did not even file the complaint within 90 days of her second right to sue notice. Blalock states in her response in opposition to Bethesda's motion to dismiss that she received the right to sue letter from the EEOC on August 29, 2001. Blalock's original complaint, however, is dated November 30, 2001, exactly 91 days after Blalock admitted she received the Right to Sue notice. *See, e.g., Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 49 (7th Cir. 1984) ("According to the record, 91 days passed before Anooya filed his complaint and, absent special circumstances which give rise to waiver, estoppel, or equitable tolling of the 90 day period, the Title VII action is time-barred."). This issue was raised for the first time in reply, presumably because Bethesda learned the date of receipt from Blalock's response to the motion. Nevertheless, the issue is often fact-bound and thus more suitable for summary judgment than a motion to dismiss and is disregarded for purposes of disposition of the pending motion. *See Kyles v. Staff Mgmt., Inc.*, No. 01 C 8697, 2002 WL 31121096, at *1 (N.D. Ill. Sept. 25, 2002) ("The filing period is not jurisdictional, but acts as a statute of limitations for Title VII claims."), citing *Zipes v. TransWorld Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("[F]iling timely charge of discrimination with the [EEOC] is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.")

7

B.  **Procedural Due Process**

Blalock also asserts that she was terminated contrary to Bethesda's procedural requirements and, therefore, deprived of procedural due process. The Due Process Clause of the Fourteenth Amendment, however, only applies to states or state actors. *See, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (The Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory and wrongful."). With no allegations of Bethesda being either a state actor or state entity, the procedural due process claims are dismissed. Neither do the allegations of the complaint support a claim for denial of rights under the Thirteenth Amendment, as provided at 42 U.S.C. § 1981.

C.  **The Reply Brief and Sanctions**

Blalock objects to Bethesda's filing of a brief in reply to Blalock's response to Bethesda's motion to dismiss. Blalock asks this court to quash the reply brief and award sanctions, as the reply brief was allegedly "unauthorized." In response, Bethesda notes that the filing of a reply brief is customary, and Blalock's objection to the reply brief is itself grounds for sanctions under Rule 11(c).

The court denies Blalock's objection to the reply brief as it is customary in this district for the moving party to file a reply to the non-moving party's response, even if this court did not articulate in its August 20, 2002 minute order (Docket No. 22) that such a reply brief was authorized. Indeed, in setting the briefing schedule on the motion to dismiss the original complaint in this case, the court scheduled a reply brief. (Docket Nos. 12 and 14.) Moreover, Blalock's request for sanctions fails to comply with the "safe harbor" requirements of Rule 11, Fed. R. Civ. P. As such, Blalock's objection is overruled and her request for sanctions is denied.

As for Bethesda's motion for sanctions against Blalock for filing the objection to the reply brief, the court will deny the motion. While Bethesda did comply with the requirements of Rule 11 in contacting Blalock about the nature of the claim, the motion is denied because the court did not specifically mention a reply brief in the August 20 minute order, and Blalock, acting *pro se,* may not have been aware of the practice of filing such a reply brief. As such, Bethesda's motion for sanctions under Rule 11(c) is denied.

## CONCLUSION

For the reasons stated above, Bethesda's motion to dismiss is granted [#23], Blalock's objection to Bethesda's reply brief and request for sanctions is denied [#29] and Bethesda's motion for sanctions is denied [#32]. Plaintiff is given until January 10, 2003, to file a second amended complaint stating a claim under 42 U.S.C. § 1981.[3]

ENTER: *Joan H. Lefkow*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: December 12, 2002

---

[3] Although the court is reluctant to invite another complaint on facts not presented in the First Amended Complaint, it is obligated not to dismiss the case unless it appears to a certainty that plaintiff can plead no set of facts that would entitle her to relief. *Conley,* 355 U.S. at 46. Inasmuch as she alleged in her first charge that she was discharged on January 10, 2001 because of her race, the court cannot conclude with certainty that plaintiff cannot plead a claim upon which relief may be granted.

9